UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| DEBORAH LYNN ANDERSON, ) | No. ED CV 14-1205-PLA |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION AND ORDER** |
| ) | |
| CAROLYN W. COLVIN, ) ACTING COMMISSIONER OF SOCIAL ) SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

## I.

## PROCEEDINGS

Plaintiff filed this action on June 18, 2014, seeking review of the Commissioner's denial of her application for Disability Insurance Benefits ("DIB"). The parties filed Consents to proceed before the undersigned Magistrate Judge on July 1, 2014, and July 9, 2014. Pursuant to the Court's Order, the parties filed a Joint Stipulation on February 9, 2015, that addresses their positions concerning the disputed issue in the case. The Court has taken the Joint Stipulation under submission without oral argument.

/

/

## II.

## BACKGROUND

Plaintiff was born on December 24, 1956. [Administrative Record ("AR") at 25, 176.] She has past relevant work experience as a restaurant manager, dining room attendant, waitress, and home attendant. [AR at 25, 78.]

On January 9, 2011, plaintiff protectively filed an application for a period of disability and DIB, alleging that she has been unable to work since July 9, 2010. [AR at 17, 176-77.] After her application was denied initially and upon reconsideration, plaintiff timely filed a request for a hearing before an Administrative Law Judge ("ALJ"). [AR at 17, 110-11.] A hearing was held on September 4, 2012, at which time plaintiff appeared represented by an attorney, and testified on her own behalf. [AR at 34-84.] A vocational expert ("VE") also testified. [AR at 72-82.] On September 28, 2012, the ALJ issued a decision concluding that plaintiff was not under a disability from July 9, 2010, through the date of the decision. [AR at 17-27.] Plaintiff requested review of the ALJ's decision by the Appeals Council. [AR at 12.] When the Appeals Council denied plaintiff's request for review on April 17, 2014 [AR at 1-3], the ALJ's decision became the final decision of the Commissioner. See Sam v. Astrue, 550 F.3d 808, 810 (9th Cir. 2008) (per curiam) (citations omitted). This action followed.

## III.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards. Berry v. Astrue, 622 F.3d 1228, 1231 (9th Cir. 2010) (citation omitted).

"Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1159 (9th Cir. 2008) (citation

and internal quotation marks omitted); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998) (same). When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. Mayes v. Massanari, 276 F.3d 453, 459 (9th Cir. 2001) (citation omitted); see Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008) ("[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence.") (citation and internal quotation marks omitted). "Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." Ryan, 528 F.3d at 1198 (citation and internal quotation marks omitted); see Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) ("If the evidence can support either affirming or reversing the ALJ's conclusion, [the reviewing court] may not substitute [its] judgment for that of the ALJ.") (citation omitted).

## IV.

## THE EVALUATION OF DISABILITY

Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment that is expected to result in death or which has lasted or is expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A); Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992).

**A.    THE FIVE-STEP EVALUATION PROCESS**

The Commissioner (or ALJ) follows a five-step sequential evaluation process in assessing whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995), as amended April 9, 1996. In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim is denied. Id. If the claimant is not currently engaged in

3

substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting her ability to do basic work activities; if not, a finding of nondisability is made and the claim is denied. Id. If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R. part 404, subpart P, appendix 1; if so, disability is conclusively presumed and benefits are awarded. Id. If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient "residual functional capacity" to perform her past work; if so, the claimant is not disabled and the claim is denied. Id. The claimant has the burden of proving that she is unable to perform past relevant work. Drouin, 966 F.2d at 1257. If the claimant meets this burden, a prima facie case of disability is established. Id. The Commissioner then bears the burden of establishing that the claimant is not disabled, because she can perform other substantial gainful work available in the national economy. Id. The determination of this issue comprises the fifth and final step in the sequential analysis. 20 C.F.R. §§ 404.1520, 416.920; Lester, 81 F.3d at 828 n.5; Drouin, 966 F.2d at 1257.

**B.    THE ALJ'S APPLICATION OF THE FIVE-STEP PROCESS**

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since July 9, 2010, the alleged onset date.[1] [AR at 19.] At step two, the ALJ concluded that plaintiff has the following severe impairments:

> [D]egenerative disc disease of the lumbar spine; advanced degenerative joint disease in the right acromioclavicular joint in the right shoulder with marked spurring; thicken [sic] vocal cords bilateral [sic] most[] likely secondary to thyroid medication effecting [sic] the recurrent laryngeal nerve; osteopenia; mild hallux valgus deformity in the left foot; obesity; depression; anxiety; and bipolar disorder.

---

[1] The ALJ concluded that plaintiff meets the insured status requirements of the Social Security Act through December 31, 2015. [AR at 19.]

4

[Id.] At step three, the ALJ determined that plaintiff does not have an impairment or a combination of impairments that meets or medically equals any of the impairments in the Listings. [AR at 20.] The ALJ further found that plaintiff retained the residual functional capacity ("RFC")[2] to perform medium work as defined in 20 C.F.R. § 404.1567(c),[3] as follows:

> [C]an occasionally climb ramps and stairs, but never climb ladders, ropes, and scaffolds. She can occasionally balance, stoop, kneel, crouch, and crawl. She can occasionally push and pull with the right upper extremity. She can occasionally use the right upper extremity for overhead reaching. She should avoid working around hazardous machinery or unprotected heights. She should avoid concentrated exposure to extreme cold and vibration. The claimant is limited to understanding, remembering, and carrying out simple job instructions, but would be unable to perform work that would require directing others, abstract thought, or planning. She can maintain attention and concentration to perform simple, routine and repetitive tasks in a work environment free of fast-paced production requirements. She can have occasional interaction with coworkers, supervisors, and the general public. She can work in an environment with occasional changes to the work setting and occasional work-related decision making.

[AR at 21.] At step four, based on plaintiff's RFC and the testimony of the VE, the ALJ concluded that plaintiff is unable to perform any of her past relevant work as a restaurant manager, dining room attendant, waitress, and home attendant. [AR at 25, 79-80.] At step five, based on plaintiff's RFC, vocational factors, and the VE's testimony, the ALJ found that there are jobs existing in significant numbers in the national economy that plaintiff can perform, including work as a "hand packager" (Dictionary of Occupational Titles ("DOT") No. 920.587-018), "industrial cleaner" (DOT No. 381.687-018), and "kitchen helper" (DOT No. 318.687-010). [AR at 26, 81.] Accordingly, the ALJ determined that plaintiff was not disabled at any time from the alleged onset date of July 9, 2010, through September 28, 2012, the date of the decision. [AR at 27.]

---

[2] RFC is what a claimant can still do despite existing exertional and nonexertional limitations. See Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." Massachi v. Astrue, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007) (citation omitted).

[3] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. § 404.1567(c).

# V.

## THE ALJ'S DECISION

Plaintiff contends that the ALJ erred because there is an inconsistency between plaintiff's RFC and the ALJ's finding that plaintiff can perform the jobs described in the DOT as hand packager, industrial cleaner, and kitchen helper. [Joint Stipulation ("JS") at 3.]

As set forth below, the Court agrees with plaintiff, in part, and remands for further proceedings.

### A.  DOT INCONSISTENCY

The DOT raises a presumption as to job classification requirements. See Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995); see also Pinto v. Massanari, 249 F.3d 840, 845-46 (9th Cir. 2001) ("[T]he best source for how a job is generally performed is usually the [DOT].") (citations omitted). In order for "an ALJ to rely on a job description in the [DOT] that fails to comport with a [plaintiff]'s noted limitations, the ALJ must definitively explain this deviation" and "the record must contain persuasive evidence to support [it]." Pinto, 249 F.3d at 846, 847 (citation and internal quotation marks omitted). Additionally, the Commissioner's Rulings unambiguously provide that when a VE provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that VE evidence and the information provided in the DOT. Soc. Sec. Ruling ("SSR")[4] 00-4p. SSR 00-4p further provides that the adjudicator will ask the VE "if the evidence . . . she has provided" conflicts with information provided in the DOT and obtain a reasonable explanation for any apparent conflict. Id.; see also Massachi, 486 F.3d at 1152-53.

Plaintiff contends that the ALJ's RFC determination would preclude her from performing the

---

[4] The Commissioner issues SSRs "to clarify the Act's implementing regulations and the agency's policies. SSRs are binding on all components of the [Social Security Administration]. SSRs do not have the force of law. However, because they represent the Commissioner's interpretation of the agency's regulations, we give them some deference. We will not defer to SSRs if they are inconsistent with the statute or regulations." Holohan v. Massanari, 246 F.3d 1195, 1202 n.1 (9th Cir. 2001) (internal citations omitted).

jobs of hand packager, industrial cleaner, and kitchen helper. [JS at 3.] Specifically, plaintiff contends that the job of hand packager would require "constant reaching with the bilateral upper extremities including overhead reaching," as well as require her to perform work around hazardous machinery [JS at 5]; the job of industrial cleaner would require frequent stooping and crouching, frequent reaching with the bilateral upper extremities including overhead reaching, and working around hazardous machinery [JS at 6]; and the job of kitchen helper would require frequent stooping and crouching, constant reaching with the bilateral upper extremities including overhead reaching, occasional exposure to extreme cold, and exposure to hazardous machinery and fast-paced production requirements. [JS at 8.] Plaintiff argues that each of these jobs has requirements beyond those of what she is capable of performing according to her RFC, and that because neither the ALJ nor the VE articulated reasons for these deviations from the DOT job descriptions, the ALJ erred in finding that plaintiff could perform these jobs. [JS at 10-11.]

Defendant concedes that the jobs of industrial cleaner and kitchen helper would both require frequent stooping and crouching and, therefore, have requirements in excess of plaintiff's functional limitations. [JS at 12.] The Court agrees. Thus, the only job at issue herein is the job of hand packager.

As relevant to the hand packager occupation, the ALJ found that plaintiff is limited to occasional use of the right upper extremity for overhead reaching, and should avoid working around hazardous machinery.[5] [AR at 21.] The DOT description for the occupation of hand packager states:

> Packages materials and products manually, performing any combination of [the] following duties: Cleans packaging containers. Lines and pads crates and assembles cartons. Obtains and sorts product. Wraps protective material around product. Starts, stops, and regulates speed of conveyor. Inserts or pours product

---

[5] The ALJ also limited plaintiff to occasional pushing and pulling with the right upper extremity. [AR at 21.] The Commissioner states that "[p]laintiff argue[s] that her right arm pushing and pulling or overhead reaching limitations preclude the hand packager occupation." [JS at 12.] It does not appear to the Court that plaintiff makes such an argument with respect to her right arm pushing and pulling limitation. [See generally JS at 5-6.] However, the Court observes that this arguably is also an apparent inconsistency between plaintiff's limitations and the DOT job requirements.

7

>into containers or fills containers from spout or chute. Weighs containers and adjusts quantity. Nails, glues, or closes and seals containers. Labels containers, container tags, or products. Sorts bundles or filled containers. Packs special arrangements or selections of product. Inspects materials, products, and containers at each step of packaging process. Records information, such as weight, time, and date packaged.

DOT No. 920.587-018. The listed requirements for the position state that it requires "Reaching: Constantly - Exists 2/3 or more of the time." Id. It also requires constant handling and fingering. Id. Based on the DOT job description, plaintiff argues that there is a conflict between the VE's testimony and the DOT, in that her limitation to occasional use of the right upper extremity for overhead reaching is inconsistent with the constant reaching requirement for work as a hand packager.[6] [JS at 5.] The position also requires constant handling and fingering and plaintiff argues that pursuant to SSR 85-15, reaching, handling, and fingering "require progressively finer usage of the upper extremities to perform work-related activities." [Id. (citing SSR 85-15).] Plaintiff also contends that her RFC limitation to avoiding work around hazardous machinery would preclude her from performing the tasks of starting, stopping, and regulating the speed of a conveyor belt as described in the requirements for the hand packager occupation. [JS at 6.]

Defendant notes that although plaintiff is limited in her ability to perform reaching activities with her right arm, "she has no such restrictions with the use of her left arm." [JS at 12.] Defendant contends that the job duties of hand packager "do not require bilateral reaching," and that "courts have routinely held that a job requiring reaching, handling, or fingering does not necessarily involve the use of both hands, absent affirmative evidence to the contrary." [Id. (citations omitted).][7] Defendant also notes that hazardous or dangerous machinery refers to "moving mechanical parts, of equipment, tools, or machinery" [JS at 13 (citing SSR 96-9p)], and

---

[6]  Plaintiff correctly notes that SSR 85-15 defines reaching as extending the hands and arms in any direction. [JS at 5-6.]

[7]  In the cases cited by defendant, the plaintiffs were determined to have an RFC to perform a restricted range of light work, limited for occasional use of one arm or hand. See McConnell v. Astrue, 2010 WL 1946728, at *1 (C.D. Cal. May 10, 2010), Gutierrez v. Astrue, 2012 WL 234366, at *1 (C.D. Cal. Jan. 24, 2012).

the DOT description for the hand packager position provides that the condition of "Moving Mechanical Parts" is "Not Present - Activity or condition does not exist." [JS at 13 (citing DOT No. 920.587-018).] Defendant concludes, therefore, that there is no inconsistency.

**B.      ANALYSIS**

First, the Court agrees with defendant that based on the DOT description, the hand packager occupation does not involve work around hazardous machinery.

However, the Court disagrees with the Commissioner's conclusion that there is no conflict between plaintiff's RFC and the reaching requirements of the hand packager position simply because the DOT job description "do[es] not require bilateral reaching." [JS at 12 (citations omitted).] At step five, the burden is on the Commissioner to show that plaintiff can perform other work that takes into consideration her RFC, age, education, and work experience. Tackett v. Apfel, 180 F.3d 1094, 1100-01 (9th Cir. 1999). Here, although the hand packager job description does not specifically mention "bilateral" reaching (or "bilateral" pushing/pulling) there is nothing in the DOT job description for the hand packager job suggesting that right upper extremity overhead reaching or pushing/pulling limitations *would be consistent* with the job's description, especially considering that the job is medium-level work and plaintiff is right handed. [AR at 207.] Accordingly, plaintiff's right upper extremity occasional reaching limitation, and even the right upper extremity occasional pushing/pulling limitation, give rise to at least an apparent -- if not actual -- conflict between plaintiff's RFC limitations and the DOT job description for hand packager. Because the VE's testimony does not provide a "reasonable explanation" on this point,[8] remand is warranted.

/

---

[8] The ALJ confirmed with the VE that her testimony was consistent with the DOT [AR at 82], but the VE did not provide a "reasonable explanation" for the apparent conflict. Massachi, 486 F.3d at 1153. Nor has the Commissioner pointed this Court to "persuasive evidence" in the record to support such a deviation. Pinto, 249 F.3d at 846 (citation and internal quotation marks omitted).

# VI.

## **REMAND FOR FURTHER PROCEEDINGS**

The Court has discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. See Lingenfelter v. Astrue, 504 F.3d 1028, 1041 (9th Cir. 2007); Benecke v. Barnhart, 379 F.3d 587, 595-96 (9th Cir. 2004). Where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. See Benecke, 379 F.3d at 593-96.

In this case, there are outstanding issues that must be resolved before a final determination can be made. In an effort to expedite these proceedings and to avoid any confusion or misunderstanding as to what the Court intends, the Court will set forth the scope of the remand proceedings. First, the ALJ shall seek clarification from a VE regarding the jobs plaintiff is able to perform that exist in significant numbers in the regional or national economy in light of plaintiff's RFC. Next, the ALJ shall determine whether the VE's testimony is consistent with the DOT. Finally, the ALJ shall seek a reasonable explanation from the VE of any apparent inconsistency between the VE's testimony and the DOT's description of the representative occupations in relation to plaintiff's RFC.

/
/
/
/
/
/
/
/

## VII.

## CONCLUSION

**IT IS HEREBY ORDERED** that: (1) plaintiff's request for remand is **granted**; (2) the decision of the Commissioner is **reversed**; and (3) this action is **remanded** to defendant for further proceedings consistent with this Memorandum Opinion.

**IT IS FURTHER ORDERED** that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

**This Memorandum Opinion and Order is not intended for publication, nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

DATED:  March 6, 2015

                                                  PAUL L. ABRAMS
                                 UNITED STATES MAGISTRATE JUDGE